IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 17-17 LPS |
| | ) | |
| PAUL HURSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S ANSWERING
## SENTENCING MEMORANDUM

The government responds to the Defendant's Sentencing Memorandum.

### Downward Variance

In its Sentencing Memorandum, dated November 22, 2017 (Docket Item 36), the government requested a two-level upward variance. However, the government withdrew that request in its Amended Sentencing Memorandum, dated December 12, 2017 (D.I. 40), after the sentencing, on December 5, 2017, in *United States v. Thomas Nadill Boyce, Jr.*, Criminal Action No. 17-39-RGA. In that case, Boyce, a former corrections officer at the James T. Vaughn Correctional Center (JTVCC) pled guilty to three counts of conspiracy to commit extortion under color of official right. Like the defendant, Boyce smuggled drugs and cell phones into JTVCC. At Boyce's sentencing, the government requested a two-level upward variance for the same reasons set forth in the instant matter within D.I. 36. In summary, the government sought a variance in *Boyce* because he distributed controlled substance in a prison and did so knowing he was promoting inmate drug dealing.

At Boyce's sentencing, Judge Andrews denied the government's request for an upward variance and sentenced Boyce within the Guidelines range (30-37 months) to 36 months incarceration. The government then withdrew its request for an upward variance to avoid an issue

of sentencing disparity between the defendant and *Boyce*.   The government submits that the defendant's request for a downward variance should be denied on the relevant disparity issue.

Additionally, any downward variance is undeserved.   In *United States v. Grosso*, 658 Fed. Appx. 43 (3d Cir. 2016), a state corrections officer, on two occasions conspired to smuggle a cell phone and tobacco into the Essex County Jail in Newark, New Jersey.   He sought a downward variance based on his scant criminal history and his son's diagnosis with a rare kidney disease, which required extensive medical care.   The Third Circuit affirmed the district court's denial of the variance request, where the relevant facts were far less egregious than those in the instant matter.   In contrast to *Grosso*, the defendant smuggled drugs, not tobacco, and far more than two phones. The defendant does not deserve any downward variance.

## Defendant's Objection to Enhancement Under USSG § 2C1.1(b)(3)

In his Sentencing Memorandum, the defendant objects to the four-level adjustment under § 2C1.1(b)(3) for being in a "sensitive position" at the time of his offense.   In this regard, the defendant simply relies upon his argument, as set forth in the Addendum to the Second Revised Presentence Report.   There, the defendant cites *United States v. Grosso*, 658 Fed. Appx. 43 (3d Cir. 2016) (a corrections officer occupies a "sensitive position" within the meaning of § 2C1.1(b)(3)). Accordingly, the defendant's objection to the applicable enhancement should be denied.

DAVID C. WEISS
Acting United States Attorney

By:

Edmond Falgowski
Assistant United States Attorney

Dated: 1/2/18

2